**EXHIBIT 1**



**null / ALL**
**Transmittal Number: 24289511**
**Date Processed: 01/05/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melissa Vandenberg<br>Winco Foods, LLC<br>650 N Armstrong Place<br>Boise, ID 83704-0825 |

| | |
|---|---|
| **Entity:** | Winco Holdings, Inc.<br>Entity ID Number  2302675 |
| **Entity Served:** | Winco Holdings, Inc. |
| **Title of Action:** | Carl Lee Macrae aka Carlee Macrae vs. Winco Holdings, Inc. |
| **Matter Name/ID:** | Carl Lee Macrae aka Carlee Macrae vs. Winco Holdings, Inc. (11888474) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Tulare County Superior Court, CA |
| **Case/Reference No:** | 289876 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/05/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Brett T. Abbott<br>559-625-9600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** Winco Holdings, Inc., and Does 1 to 50
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Carl Lee MacRae aka Carlee MacRae
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Tulare
221 S. Mooney Blvd.
Visalia, California 93291

CASE NUMBER:
*(Número del Caso):*
**289876**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:Brett T. Abbott
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GUBLER & ABBOTT
1110 N. Chinowth Street, Visalia, CA 93291
(559) 625-9600

DATE: **DEC 2 2 2021**    Stephanie Cameron    Clerk, by    **April Mathews**    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COURT SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Winco Holdings, Inc.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 1/5/22

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder™

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Brett T. Abbott
GUBLER & ABBOTT
1110 N. Chinowth Street, Visalia, CA 93291
TELEPHONE NO.: (559) 625-9600    FAX NO. *(Optional)*: (559) 625-9605
E-MAIL ADDRESS: alisa@thecalifornialawyers.com
ATTORNEY FOR *(Name)*: Carl Lee MacRae aka Carlee MacRae

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: 221 S. Mooney Blvd.
MAILING ADDRESS: 221 S. Mooney Blvd.
CITY AND ZIP CODE: Visalia, 93291
BRANCH NAME: County Civic Center

CASE NAME: Carl Lee MacRae aka Carlee MacRae v. Winco Holdings, Inc., et al.

**FILED**
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

**DEC 22 2021**

STEPHANIE CAMERON, CLERK
BY: _April Mathews_

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **289876**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Ten
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 17, 2021
Brett T. Abbott
_____
(TYPE OR PRINT NAME)      ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

DEC 22 2021

STEPHANIE CAMERON, CLERK
BY:____April Mathews____

1 | Brett T. Abbott #246905
**GUBLER & ABBOTT**
2 | 1110 N. Chinowth Street
Visalia, CA 93291
3 | Telephone: (559) 625-9600
Facsimile: (559) 625-9605
4 |

5 | Attorneys for PLAINTIFF, CARL LEE MACRAE aka CARLEE MACRAE

CASE MANAGEMENT CONFERENCE

Hearing Date: 4/22/2022
Time: 8:30 am
Department: 2

Assigned to Judicial Officer
**NATHAN IDE** for all Purposes

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF TULARE

10 | CARL LEE MACRAE aka CARLEE MACRAE,

Plaintiff,

v.

WINCO HOLDINGS, INC., and DOES 1-50,

Defendant.

Case No.: 2 8 9 8 7 6

**COMPLAINT FOR DAMAGES FOR:**
**(1) GENDER, GENDER IDENTITY AND GENDER EXPRESSION DISCRIMINATION**
**(2) DISABILITY DISCRIMINATION**
**(3) FAILURE TO ACCOMMODATE DISABILITY**
**(4) FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS**
**(5) FAILURE TO PREVENT DISCRIMINATION**
**(6) JURY DUTY RETALIATION**
**(7) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(8) UNPAID MEAL PERIODS**
**(9) UNPAID REST PERIODS**
**(10) UNFAIR BUSINESS PRACTICES**

UNLIMITED CIVIL CASE
Amount demanded exceeds $25,000.00

Plaintiff CARL LEE MACRAE aka CARLEE MACRAE (hereinafter "Plaintiff") alleges:

**GENERAL ALLEGATIONS**

1.      Defendant, WINCO HOLDINGS, INC. (hereinafter "defendant" or "WINCO"), is subject to suit under the California Fair Employment and Housing Act (FEHA), in that WINCO regularly employs five or more persons (Gov. Code §12926(d)).

1

COMPLAINT FOR DAMAGES

2. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, each of the Defendant was the agent(s) and/or employee(s) of each of the remaining Defendant and, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

3. Plaintiff is ignorant of the true names and capacities of Defendant sued herein as DOES 1-50, inclusive, and therefore sues these Defendant by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4. The unlawful employment practices complained of herein occurred in Fresno County.

5. This Court is the court of proper jurisdiction, and this action is properly filed in the County of Tulare in this judicial district because Defendant does business in the County of Tulare and because Defendant's obligations and liabilities arose herein.

6. On December 15, 2021, and within one year of the date of the discrimination committed by Defendant, Plaintiff filed a complaint with the California Department of Fair Employment and Housing (DFEH).

7. On December 15, 2021, the DFEH issued to Plaintiff a Right to Sue Notice.

8. Plaintiff is a former non-exempt employee of Defendant.

9. At all times relevant, Plaintiff was employed by Defendant under an oral employment agreement.

10. Plaintiff is an adult person, and a resident of the County of Tulare, State of California.

## FIRST CAUSE OF ACTION
### (GENDER, GENDER IDENTITY AND GENDER EXPRESSION DISCRIMINATION IN VIOLATION OF FEHA)
#### (California Government Code § 12940(a))
#### (Against Defendant WINCO and DOES 1-50)

11. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

12. The California Fair Employment and Housing Act ("FEHA") prohibits employers from discharging or otherwise discriminating against an employee on the basis of gender, gender identity,

GUBLER & ABBOTT
ATTORNEYS AT LAW

2

1   and gender expression in compensation, terms, conditions, or privileges of employment (California

2   Government Code § 12940(a).

3          13.    At all times mentioned in this Complaint, plaintiff was an "eligible" employee under the

4   California Labor and Government Codes.

5          14.    At all times mentioned in this Complaint, WINCO was a "covered employer" under

6   FEHA, California Government Code § 12900, et seq., as WINCO employed five or more people to

7   perform services for a salary or wage in the State of California.

8          15.    Plaintiff was discriminated against because she is a transgendered person.  The

9   discrimination of Plaintiff took many forms.  Plaintiff was told to use the bathroom at the very back of

10  the store where she worked, which was often used by WINCO vendors.  The bathroom was very

11  difficult to access, as pallets and other bulky items frequently blocked access to the bathroom.  This

12  was the bathroom that vendors were expected to use, and thus there was frequently a very long line to

13  use it.  Given the long line and associated wait times with using the bathroom, Plaintiff frequently

14  missed her breaks when trying to use the bathroom.  Plaintiff should have been allowed to use the same

15  bathroom as other employees, and she felt ashamed every time she had to walk clear to the end of the

16  store to use the bathroom hidden away in the back.

17         16.    When Plaintiff would use the bathroom at the back of the store, WINCO employees

18  would routinely belittle and tease her, remarking "There he [not she] goes...off to the bathroom again."

19  These comments caused Plaintiff to feel incredibly uncomfortable, and she knew that she would not be

20  subjected to such ridicule if she was not a transgendered person.

21         17.    WINCO customers would on occasion get angry with Plaintiff, uncomfortable with

22  seeing a transgendered person at the cash register or because Plaintiff wore makeup to work.  When

23  Plaintiff would be berated by these customers, she would go to her supervisors, who would then tell

24  Plaintiff, "You should expect some of that."  Absolutely nothing was done to protect Plaintiff, or to

25  address her complaints when she was yelled at or humiliated by customers.  Plaintiff should not have

26  "expected" such hostile treatment just because she was a transgendered person.

GUBLER & ABBOTT
ATTORNEYS AT LAW

18.     When Plaintiff began wearing makeup to work, numerous employees would pepper her with questions, asking her "Are you gay now?" and "So do you like boys or girls now?" These insults caused Plaintiff to feel incredibly embarrassed, insecure, and threatened.

19.     WINCO took exception to Plaintiff asking to be called Carlee instead of Carl. Many of Plaintiff's fellow employees, as well as some supervisors, bristled at the idea of calling her Carlee, wanting instead to call her Carl. Plaintiff complained about this treatment to her supervisors in or about January 2021, yet nothing was done to remedy the situation and ensure that Plaintiff be called by her preferred name.

20.     The discrimination, and the anxiety that resulted from the discrimination caused Plaintiff to suffer a complete nervous breakdown in early 2021, which required her to go out for several months on disability.

21.     Plaintiff was treated miserably on account of her gender identity and gender expression. WINCO did nothing to protect Plaintiff, nor to properly investigate her complaints when she complained of the discrimination.

22.     Plaintiff was subjected to discrimination and adverse employment actions when WINCO terminated her on or about August 13, 2021.

23.     Plaintiff is informed and believes, and based thereon alleges, that her gender, gender identity and/or gender expression was a substantial motivating reason for Defendant's decision to terminate her employment, in violation of Government Code 12940, *et seq.*

24.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special damages, including but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

25.     As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

GUBLER & ABBOTT
ATTORNEYS AT LAW

4

COMPLAINT FOR DAMAGES

26.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

27.     Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

28.     As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
### (DISABILITY DISCRIMINATION IN VIOLATION OF FEHA)
### (California Government Code § 12940(a))
### (Against Defendant WINCO and DOES 1-50)

29.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully

30.     The California Fair Employment and Housing Act ("FEHA") prohibits employers from discharging or otherwise discriminating against an employee on the basis of disability in compensation, terms, conditions, or privileges of employment (California Government Code § 12940(a).

31.     At all times mentioned in this Complaint, plaintiff was an "eligible" employee under the California Labor and Government Codes.

32.     At all times mentioned in this Complaint, WINCO was a "covered employer" under FEHA, California Government Code § 12900, et seq., as WINCO employed five or more people to perform services for a salary or wage in the State of California.

33.     Plaintiff has been diagnosed with severe depression.  Plaintiff was routinely teased and ridiculed on the basis of her gender identity and gender expression, which exacerbated her mental

GUBLER & ABBOTT
ATTORNEYS AT LAW

5

condition. After suffering the nervous breakdown, caused by the stress she felt at work, Plaintiff went from one psychiatric medication to four. Her symptoms continue, and she attributes much of her stress, anxiety, and depression to the way she was treated at WINCO.

34.     Plaintiff also has significant problems with her knees, which required surgery. Plaintiff's doctor put her on some limited restrictions, namely that she had to sit at least for ten minutes every hour. Despite these doctor restrictions, Plaintiff's job duties required her to stand essentially all day. When Plaintiff couldn't take it anymore, and asked her supervisors for the opportunity to get off her feet for a few minutes, she was told that she had to clock out for this time – i.e. said time was unpaid.

35.     Plaintiff was also docked attendance points when she out on disability leave. She was also docked points when took FMLA leave.

36.     Defendant knew that Plaintiff suffered from disabilities that limited her in a major life activity, and/or regarded and treated plaintiff as if she had conditions that limited plaintiff in the major life activity of working, among other major life activities.

37.     Plaintiff suffered from disabling conditions during her employment with defendant. Plaintiff was subjected to discrimination and adverse employment actions when WINCO terminated her on or about August 13, 2021.

38.     Plaintiff is informed and believes, and based thereon alleges, that her disability, and/or Defendant' belief that plaintiff had conditions that limited her in a major life activity was a substantial motivating reason for Defendant' decision to terminate her employment, in violation of Government Code 12940, et seq.

39.     As a direct and proximate result of Defendant' conduct, plaintiff has suffered special damages, including but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

40.     As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

GUBLER & ABBOTT
ATTORNEYS AT LAW

6

41.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

42.     Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

43.     As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
**(Failure to Accommodate in Violation of FEHA)**
**(California Government Code § 12940(m))**
**(Against Defendant WINCO and DOES 1-50)**

44.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

45.     Defendant had an affirmative duty to make reasonable accommodation for plaintiff's disabilities.  This duty arises even if an accommodation isn't requested.  Upon notice of plaintiff's disabilities and requested accommodation, Defendant refused to accommodate plaintiff's disabilities.

46.     As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

47.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to

7

GUBLER & ABBOTT
ATTORNEYS AT LAW

1  this complaint within the scope and course of their employment.  Defendant is liable for the conduct of

2  said agents and employees under the doctrine of strict liability.

3      48.    Defendant committed these acts maliciously, fraudulently and oppressively in conscious

4  disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts

5  were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to

6  proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to

7  recover punitive damages from Defendant in an amount according to proof at trial.

8      49.    As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in

9  order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in

10  this litigation in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
### (Failure to Engage in an Interactive Process in Violation of FEHA)
### (Government Code § 12940(n))
### (Against Defendant WINCO and DOES 1-50)

50.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

51.    Plaintiff suffered from disabilities that limited plaintiff in major life activities. Defendant knew about plaintiff's disabilities and/or regarded plaintiff as a person with conditions that limited plaintiff in a major life activity.  Despite her disabilities, plaintiff is qualified and able to perform the essential functions of her job with a reasonable accommodation.

52.    At all times mentioned in this Complaint, plaintiff was an "eligible employee" and WINCO was a "covered employer" under FEHA, California Government Code § 12900, *et seq.*

53.    Defendant, by and through their supervisors and/or agents, discriminated and retaliated against plaintiff because of her disabilities.  Plaintiff was subjected to discrimination and an adverse employment action by Defendant because of her disability.

54.    Plaintiff is informed and believes, and based thereon alleges, that her disabilities were a substantial motivating reason for defendant's decision to treat plaintiff differently from similarly

8

situated non-disabled employees.  Plaintiff further alleges, on information and belief, that she was subjected to different terms and conditions of employment than her non-disabled co-workers.

55.     Defendant' failure to engage in the interactive process was a substantial factor in causing plaintiff harm.

56.     As a direct and proximate result of Defendant' conduct, plaintiff has suffered special damages, including but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

57.     As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

58.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

59.     Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

60.     As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

/ / /

/ / /

/ / /

/ / /

GUBLER & ABBOTT
ATTORNEYS AT LAW

9

## FOURTH CAUSE OF ACTION
### (Failure to Prevent Discrimination in Violation of FEHA)
### (California Government Code § 12940(k)
### (Against Defendant WINCO and DOES 1-50)

61.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

62.     Defendant failed to take all reasonable steps to prevent discrimination and harassment against plaintiff from occurring and failed to take immediate corrective action to remedy the discrimination, in violation of FEHA, California Government Code § 12940(k).

63.     Specifically, Defendant failed to take any disciplinary measures to prevent and/or remedy the discrimination against plaintiff, such as issuing a formal written warning, providing counseling, or imposing probation, suspension, or termination, or conducting a prompt and thorough investigation into plaintiff's complaints of discrimination and retaliation that are the subject of this litigation.

64.     As a direct and proximate result of Defendant' conduct, plaintiff has suffered special damages, including but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

65.     As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

66.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

67.     Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to

COMPLAINT FOR DAMAGES

GUBLER & ABBOTT
ATTORNEYS AT LAW

1  proceed, by officers, directors, and/or managing agents of Defendant. Plaintiff is therefore entitled to
2  recover punitive damages from Defendant in an amount according to proof at trial.

3       68.   As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in
4  order to protect her rights. Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in
5  this litigation in an amount according to proof at trial.

**FIFTH CAUSE OF ACTION**
**(Jury Duty Discrimination and Retaliation)**
**(Labor Code § 230)**
**(Against Defendant WINCO and DOES 1-50)**

9       69.   Plaintiff refers to and incorporates by reference all facts alleged in the preceding
10  paragraphs as though they were fully stated here.

11       70.   According to Labor Code § 230, it is illegal for an employer to in any manner
12  discriminate against an employee for taking time off to serve as required by law on a jury.

13       71.   In early 2021, Plaintiff served as a juror on a ten-day jury trial. Plaintiff was told by her
14  supervisor that even though she had to spend all day in jury duty, she was nonetheless required to work
15  her same shift at WINCO. She was told by her supervisor that after her 8:00 a.m. to 5:00 p.m. jury duty
16  shift, she then had to work at WinCo from 5:30 p.m. until midnight.

17       72.   Because this schedule was extremely difficult and grueling for plaintiff, she asked her
18  supervisor if she could have an extra day off. Plaintiff's request was refused. WINCO's failure to
19  honor plaintiff's request to modify her schedule constitutes jury duty discrimination and retaliation.

20       73.   Plaintiff's attempt to exercise her rights under Labor Code § 230 were motivating
21  reasons for her termination.

22       74.   Defendant' retaliatory conduct was a substantial factor in causing plaintiff's harm.

23       75.   Defendant committed unlawful retaliation in violation of Labor Code § 230 by
24  terminating plaintiff for serving on a jury and requesting a modified to her schedule because of said
25  jury service.

26

GUBLER & ABBOTT
ATTORNEYS AT LAW

11

COMPLAINT FOR DAMAGES

76.     As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

77.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

78.     Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

79.     As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

### SIXTH CAUSE OF ACTION
**(Wrongful Termination in Violation of Public Policy)**
**(Against Defendant WINCO and DOES 1-50)**

80.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

81.     At all times relevant to this Complaint, FEHA was in full force and effect and binding upon Defendant.  FEHA prohibits employers from discharging or otherwise harassing or discriminating against an employee on the basis of disability and compensation, terms, conditions or privileges of employment (California Government Code §12940(a)).

82.     It is "the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or

GUBLER & ABBOTT
ATTORNEYS AT LAW

1  abridgement on account of…physical disability, mental disability, [or] medical condition." (California

2  Government Code § 12920).

3      83.    Defendant violated California public policy by terminating, actively and/or

4  constructively, plaintiff's employment because of her gender, gender identity, gender expression,

5  disabilities, and her service on a jury.  The termination was in violation of fundamental, substantial

6  public policies of this state, including but not limited to the FEHA, CFRA, and the federal ADA and its

7  amendments, Title VII, FMLA, and sections 230 and 6310 of the California Labor Code.

8      84.    As a direct and proximate result of Defendant' wrongful conduct, plaintiff has suffered

9  actual, consequential, and incidental damages, including without limitation, loss of regular employment

10  and loss of career advancement opportunities in an amount subject to proof at trial.

11      85.    As a direct, foreseeable, and proximate result of Defendant' wrongful conduct, plaintiff

12  was suffered, and continues to suffer, substantial earnings and job benefits, in addition to humiliation,

13  embarrassment, and mental and emotional distress in an amount exceeding jurisdictional limits, the

14  precise amount of which is subject to proof at trial.

15      86.    Defendant's acts were committed maliciously, fraudulently, and oppressively, with the

16  wrongful intention of harming plaintiff.  Therefore, plaintiff is entitled to punitive damages in an

17  amount subject to proof at trial.

18      87.    Defendant's wrongful conduct has also necessitated the retention of legal counsel to

19  pursue plaintiff's claims, the cost of which should be borne by defendant.

20                          **SEVENTH CAUSE OF ACTION**
                         **(Negligent Infliction of Emotional Distress)**
21                        **(Against Defendant WINCO and DOES 1-50)**

22      88.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding

23  paragraphs as though they were fully stated here.

24      89.    During the time plaintiff was employed by defendant, and each of them, she was

25  exposed to degrading and abusive behavior which caused her emotional distress.

26

COMPLAINT FOR DAMAGES

90.   At all times relevant to the Complaint, defendant, and each of them, had a pre-existing employment relationship with plaintiff.

91.   Plaintiff is informed and believes and thereupon alleges that if such conduct was not intentionally done, then it was negligently done.

92.   Due to defendant's conduct, plaintiff suffered serious emotional distress.

93.   Defendant's negligence was a substantial factor in causing plaintiff serious emotional distress.

94.   As a result of defendant's conduct, plaintiff has suffered damages in an amount to be determined by proof.

## EIGHTH CAUSE OF ACTION
### (Unpaid Meal Periods)
### (Against Defendant WINCO and DOES 1-50)

95.   Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

96.   At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's employment by Defendant.

97.   At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

98.   At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

99.   At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work

14

GUBLER & ABBOTT
ATTORNEYS AT LAW

for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

100.    During the relevant time period, Plaintiff who was scheduled to work for a period of time no longer than six (6) hours, and who did not waive her legally-mandated meal periods by mutual consent, was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

101.    During the relevant time period, Plaintiff who was scheduled to work for a period of time in excess of six (6) hours was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

102.    During the relevant time period, Defendant intentionally and willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

103.    During the relevant time period, Defendant failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code section 226.7.

104.    Defendant's conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

105.    Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff is entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

### NINTH CAUSE OF ACTION
**(Unpaid Rest Periods)**
**(Against Defendant WINCO and DOES 1-50)**

106.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

GUBLER & ABBOTT
ATTORNEYS AT LAW

15

107.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's employment by Defendant.

108.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an appliable order of the California IWC.

109.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereon" unless the total daily work time is less than three and one-half (3½) hours.

110.    During the relevant time period, Defendant required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

111.    During the relevant time period, Defendant willfully required Plaintiff to work during rest periods and failed to pay Plaintiff the full rest period premium for work performed during rest periods.

112.    During the relevant time period, Defendant failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code section 226.7.

113.    Defendant's conduct violated applicable IWC Wage Orders and California Labor Code section 226.7.

114.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff is entitled to recover from Defendant one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided.

/ / /

/ / /

/ / /

16

COMPLAINT FOR DAMAGES

GUBLER & ABBOTT
ATTORNEYS AT LAW

### TENTH CAUSE OF ACTION
#### (Unfair Business Practices)
#### (Against Defendant WINCO and DOES 1-50)

115.   Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

116.   Defendant's conduct, as alleged herein, has been and continues to be, unfair, unlawful and harmful to Plaintiff, to the general public, and Defendant's competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

117.   Defendant's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 172900, *et seq.*

118.   A violation of California Business & Professions Code section 17200, *et seq.*, may be predicated on the violation of any state or federal law.  In this instant case, Defendant's policies and practices of requiring employees, including Plaintiff, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).

119.   As a result of the herein described violations of California Labor Law, Defendant unlawfully gained an unfair advantage over other businesses.

120.   Plaintiff has been personally injured by Defendant's unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

121.   Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff is entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years preceding the filing of this Complaint; an award of attorney's fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

GUBLER & ABBOTT
ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES

1.  For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with post-judgment interest, according to proof;

2.  For compensatory, general, and special damages, including front pay, in an amount according to proof;

3.  For injunctive relief pursuant to Government Code § 12965(b)(3), including, without limitation, a requirement that defendant conduct training for all employees, supervisors, and management on the requirements of the Fair Employment & Housing Act, the rights and remedies of those who allege a violation of the Fair Employment Housing Act and employer's internal grievance procedures;

4.  That the court declare, adjudge and decree, that Defendant violated California Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide all meal periods to Plaintiff;

5.  That the Court made an award to Plaintiff of one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that a meal period was not provided;

6.  That the court declare, adjudge and decree, that Defendant violated California Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff;

7.  That the Court made an award to Plaintiff of one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that a rest period was not provided;

8.  For premium wages pursuant to California Labor Code § 226.7(c);

9.  For pre-judgment interest on any unpaid compensation from the date such amounts were due;

10. For punitive damages;

11. For statutory attorney's fees and costs, including expert witness fees, pursuant to § 12965 of the California Labor Code;

12. For pre-judgment and post-judgment interest according to any applicable provision of law, according to proof;

COMPLAINT FOR DAMAGES

1    13. For costs of suit; and

2    14. For such other and further relief as the court may deem just and proper.

3    Dated:  December 17, 2021                    GUBLER & ABBOTT

4                                                              By

5                                                                   Brett T. Abbott
                                                                    Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES

GUBLER & ABBOTT
ATTORNEYS AT LAW



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melissa Vandenberg<br>Winco Foods, LLC<br>650 N Armstrong Place<br>Boise, ID 83704-0825 |

| | |
|---|---|
| **Entity:** | Winco Holdings, Inc.<br>Entity ID Number  2302675 |
| **Entity Served:** | Winco Holdings, Inc. |
| **Title of Action:** | Carl Lee Macrae aka Carlee Macrae vs. Winco Holdings, Inc. |
| **Matter Name/ID:** | Carl Lee Macrae aka Carlee Macrae vs. Winco Holdings, Inc. (11888474) |
| **Document(s) Type:** | Amended Complaint/Petition |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Tulare County Superior Court, CA |
| **Case/Reference No:** | 289876 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/20/2022 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Gubler & Abbott<br>559-625-9600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

1  Brett T. Abbott #246905
   **GUBLER & ABBOTT**
2  1110 N. Chinowth Street
   Visalia, CA 93291
3  Telephone:  (559) 625-9600
   Facsimile:   (559) 625-9605
4
   Attorneys for PLAINTIFF, CARL LEE MACRAE aka CARLEE MACRAE
5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF TULARE

| | |
|---|---|
| 10  CARL LEE MACRAE aka CARLEE MACRAE, | Case No.:  289876 |
| 11 | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| 12              Plaintiff, | **(1) GENDER, GENDER IDENTITY AND GENDER EXPRESSION DISCRIMINATION** |
| v. | **(2) DISABILITY DISCRIMINATION** |
| 13 | **(3) FAILURE TO ACCOMMODATE DISABILITY** |
| WINCO HOLDINGS, INC., and DOES 1-50, | **(4) FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS** |
| 14 | |
| 15              Defendant. | **(5) FAILURE TO PREVENT DISCRIMINATION** |
| 16 | **(6) JURY DUTY RETALIATION** |
| 17 | **(7) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| 18 | **(8) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| 19 | **(9) UNPAID MEAL PERIODS** |
| 20 | **(10) UNPAID REST PERIODS** |
| | **(11) UNFAIR BUSINESS PRACTICES** |
| 21 | |
| 22 | UNLIMITED CIVIL CASE Amount demanded exceeds $25,000.00 |

23        Plaintiff CARL LEE MACRAE aka CARLEE MACRAE (hereinafter "Plaintiff") alleges:

24  ///

25  ///

26  ///

                                      1
               **FIRST AMENDED COMPLAINT FOR DAMAGES**

## GENERAL ALLEGATIONS

1.  Defendant, WINCO HOLDINGS, INC. (hereinafter "defendant" or "WINCO"), is subject to suit under the California Fair Employment and Housing Act (FEHA), in that WINCO regularly employs five or more persons (Gov. Code §12926(d)).

2.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant, each of the Defendant was the agent(s) and/or employee(s) of each of the remaining Defendant and, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

3.  Plaintiff is ignorant of the true names and capacities of Defendant sued herein as DOES 1-50, inclusive, and therefore sues these Defendant by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4.  The unlawful employment practices complained of herein occurred in Tulare County.

5.  This Court is the court of proper jurisdiction, and this action is properly filed in the County of Tulare in this judicial district because Defendant does business in the County of Tulare and because Defendant's obligations and liabilities arose herein.

6.  On December 15, 2021, and within one year of the date of the discrimination committed by Defendant, Plaintiff filed a complaint with the California Department of Fair Employment and Housing (DFEH).

7.  On December 15, 2021, the DFEH issued to Plaintiff a Right to Sue Notice.

8.  Plaintiff is a former non-exempt employee of Defendant.

9.  At all times relevant, Plaintiff was employed by Defendant under an oral employment agreement.

10. Plaintiff is an adult person, and a resident of the County of Tulare, State of California.

/ / /

/ / /

/ / /

/ / /

2

GUBLER & ABBOTT
ATTORNEYS AT LAW

## FIRST CAUSE OF ACTION
### (GENDER, GENDER IDENTITY AND GENDER EXPRESSION DISCRIMINATION IN VIOLATION OF FEHA)
### (California Government Code § 12940(a))
### (Against Defendant WINCO and DOES 1-50)

11.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

12.    The California Fair Employment and Housing Act ("FEHA") prohibits employers from discharging or otherwise discriminating against an employee on the basis of gender, gender identity, and gender expression in compensation, terms, conditions, or privileges of employment (California Government Code § 12940(a).

13.    At all times mentioned in this Complaint, plaintiff was an "eligible" employee under the California Labor and Government Codes.

14.    At all times mentioned in this Complaint, WINCO was a "covered employer" under FEHA, California Government Code § 12900, et seq., as WINCO employed five or more people to perform services for a salary or wage in the State of California.

15.    Plaintiff was discriminated against because she is a transgendered person.  The discrimination of Plaintiff took many forms.  Plaintiff was told to use the bathroom at the very back of the store where she worked, which was often used by WINCO vendors.  The bathroom was very difficult to access, as pallets and other bulky items frequently blocked access to the bathroom.  This was the bathroom that vendors were expected to use, and thus there was frequently a very long line to use it.  Given the long line and associated wait times with using the bathroom, Plaintiff frequently missed her breaks when trying to use the bathroom.  Plaintiff should have been allowed to use the same bathroom as other employees, and she felt ashamed every time she had to walk clear to the end of the store to use the bathroom hidden away in the back.

16.    When Plaintiff would use the bathroom at the back of the store, WINCO employees would routinely belittle and tease her, remarking "There he [not she] goes...off to the bathroom again."

3

These comments caused Plaintiff to feel incredibly uncomfortable, and she knew that she would not be subjected to such ridicule if she was not a transgendered person.

17.     WINCO customers would on occasion get angry with Plaintiff, uncomfortable with seeing a transgendered person at the cash register or because Plaintiff wore makeup to work.  When Plaintiff would be berated by these customers, she would go to her supervisors, who would then tell Plaintiff, "You should expect some of that."  Absolutely nothing was done to protect Plaintiff, or to address her complaints when she was yelled at or humiliated by customers.  Plaintiff should not have "expected" such hostile treatment just because she was a transgendered person.

18.     When Plaintiff began wearing makeup to work, numerous employees would pepper her with questions, asking her "Are you gay now?" and "So do you like boys or girls now?"  These insults caused Plaintiff to feel incredibly embarrassed, insecure, and threatened.

19.     WINCO took exception to Plaintiff asking to be called Carlee instead of Carl.  Many of Plaintiff's fellow employees, as well as some supervisors, bristled at the idea of calling her Carlee, wanting instead to call her Carl.  Plaintiff complained about this treatment to her supervisors in or about January 2021, yet nothing was done to remedy the situation and ensure that Plaintiff be called by her preferred name.

20.     The discrimination, and the anxiety that resulted from the discrimination caused Plaintiff to suffer a complete nervous breakdown in early 2021, which required her to go out for several months on disability.

21.     Plaintiff was treated miserably on account of her gender identity and gender expression. WINCO did nothing to protect Plaintiff, nor to properly investigate her complaints when she complained of the discrimination.

22.     Plaintiff was subjected to discrimination and adverse employment actions when WINCO terminated her on or about August 13, 2021.

FIRST AMENDED COMPLAINT FOR DAMAGES

23.     Plaintiff is informed and believes, and based thereon alleges, that her gender, gender identity and/or gender expression was a substantial motivating reason for Defendant's decision to terminate her employment, in violation of Government Code 12940, *et seq*.

24.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special damages, including but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

25.     As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

26.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

27.     Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

28.     As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
### (DISABILITY DISCRIMINATION IN VIOLATION OF FEHA)
#### (California Government Code § 12940(a))
#### (Against Defendant WINCO and DOES 1-50)

29.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

5

GUBLER & ABBOTT
ATTORNEYS AT LAW

30.     The California Fair Employment and Housing Act ("FEHA") prohibits employers from discharging or otherwise discriminating against an employee on the basis of disability in compensation, terms, conditions, or privileges of employment (California Government Code § 12940(a).

31.     At all times mentioned in this Complaint, plaintiff was an "eligible" employee under the California Labor and Government Codes.

32.     At all times mentioned in this Complaint, WINCO was a "covered employer" under FEHA, California Government Code § 12900, et seq., as WINCO employed five or more people to perform services for a salary or wage in the State of California.

33.     Plaintiff has been diagnosed with severe depression.  Plaintiff was routinely teased and ridiculed on the basis of her gender identity and gender expression, which exacerbated her mental condition.  After suffering the nervous breakdown, caused by the stress she felt at work, Plaintiff went from one psychiatric medication to four.  Her symptoms continue, and she attributes much of her stress, anxiety, and depression to the way she was treated at WINCO.

34.     Plaintiff also has significant problems with her knees, which required surgery.  Plaintiff's doctor put her on some limited restrictions, namely that she had to sit at least for ten minutes every hour.  Despite these doctor restrictions, Plaintiff's job duties required her to stand essentially all day.  When Plaintiff couldn't take it anymore, and asked her supervisors for the opportunity to get off her feet for a few minutes, she was told that she had to clock out for this time – i.e. said time was unpaid.

35.     Plaintiff was also docked attendance points when she out on disability leave.  She was also docked points when took FMLA leave.

36.     Defendant knew that Plaintiff suffered from disabilities that limited her in a major life activity, and/or regarded and treated plaintiff as if she had conditions that limited plaintiff in the major life activity of working, among other major life activities.

37.     Plaintiff suffered from disabling conditions during her employment with defendant.  Plaintiff was subjected to discrimination and adverse employment actions when WINCO terminated her on or about August 13, 2021.

6

GUBLER & ABBOTT
ATTORNEYS AT LAW

38.    Plaintiff is informed and believes, and based thereon alleges, that her disability, and/or Defendant' belief that plaintiff had conditions that limited her in a major life activity was a substantial motivating reason for Defendant' decision to terminate her employment, in violation of Government Code 12940, et seq.

39.    As a direct and proximate result of Defendant' conduct, plaintiff has suffered special damages, including but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

40.    As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

41.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

42.    Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

43.    As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

///

///

///

///

7

**FIRST AMENDED COMPLAINT FOR DAMAGES**

GUBLER & ABBOTT
ATTORNEYS AT LAW

### THIRD CAUSE OF ACTION
#### (Failure to Accommodate in Violation of FEHA)
#### (California Government Code § 12940(m))
#### (Against Defendant WINCO and DOES 1–50)

44.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

45.     Defendant had an affirmative duty to make reasonable accommodation for plaintiff's disabilities.  This duty arises even if an accommodation isn't requested.  Upon notice of plaintiff's disabilities and requested accommodation, Defendant refused to accommodate plaintiff's disabilities.

46.     As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

47.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

48.     Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

49.     As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

/ / /

/ / /

/ / /

8

GUBLER & ABBOTT
ATTORNEYS AT LAW

# FOURTH CAUSE OF ACTION
## (Failure to Engage in an Interactive Process in Violation of FEHA)
## (Government Code § 12940(n)
## (Against Defendant WINCO and DOES 1-50)

50.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

51.     Plaintiff suffered from disabilities that limited plaintiff in major life activities. Defendant knew about plaintiff's disabilities and/or regarded plaintiff as a person with conditions that limited plaintiff in a major life activity. Despite her disabilities, plaintiff is qualified and able to perform the essential functions of her job with a reasonable accommodation.

52.     At all times mentioned in this Complaint, plaintiff was an "eligible employee" and WINCO was a "covered employer" under FEHA, California Government Code § 12900, *et seq.*

53.     Defendant, by and through their supervisors and/or agents, discriminated and retaliated against plaintiff because of her disabilities. Plaintiff was subjected to discrimination and an adverse employment action by Defendant because of her disability.

54.     Plaintiff is informed and believes, and based thereon alleges, that her disabilities were a substantial motivating reason for defendant's decision to treat plaintiff differently from similarly situated non-disabled employees. Plaintiff further alleges, on information and belief, that she was subjected to different terms and conditions of employment than her non-disabled co-workers.

55.     Defendant' failure to engage in the interactive process was a substantial factor in causing plaintiff harm.

56.     As a direct and proximate result of Defendant' conduct, plaintiff has suffered special damages, including but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

57.     As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

9

GUBLER & ABBOTT
ATTORNEYS AT LAW

58.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

59.     Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

60.     As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

**FIFTH CAUSE OF ACTION**
**(Failure to Prevent Discrimination in Violation of FEHA)**
**(California Government Code § 12940(k)**
**(Against Defendant WINCO and DOES 1-50)**

61.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

62.     Defendant failed to take all reasonable steps to prevent discrimination and harassment against plaintiff from occurring and failed to take immediate corrective action to remedy the discrimination, in violation of FEHA, California Government Code § 12940(k).

63.     Specifically, Defendant failed to take any disciplinary measures to prevent and/or remedy the discrimination against plaintiff, such as issuing a formal written warning, providing counseling, or imposing probation, suspension, or termination, or conducting a prompt and thorough investigation into plaintiff's complaints of discrimination and retaliation that are the subject of this litigation.

GUBLER & ABBOTT
ATTORNEYS AT LAW

10

64.     As a direct and proximate result of Defendant' conduct, plaintiff has suffered special damages, including but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

65.     As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

66.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment.  Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

67.     Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights.  Defendant committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

68.     As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION
### (Jury Duty Discrimination and Retaliation)
### (Labor Code § 230)
### (Against Defendant WINCO and DOES 1-50)

69.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

70.     According to Labor Code § 230, it is illegal for an employer to in any manner discriminate against an employee for taking time off to serve as required by law on a jury.

11

GUBLER & ABBOTT
ATTORNEYS AT LAW

71.   In early 2021, Plaintiff served as a juror on a ten-day jury trial. Plaintiff was told by her supervisor that even though she had to spend all day in jury duty, she was nonetheless required to work her same shift at WINCO. She was told by her supervisor that after her 8:00 a.m. to 5:00 p.m. jury duty shift, she then had to work at WinCo from 5:30 p.m. until midnight.

72.   Because this schedule was extremely difficult and grueling for plaintiff, she asked her supervisor if she could have an extra day off. Plaintiff's request was refused. WINCO's failure to honor plaintiff's request to modify her schedule constitutes jury duty discrimination and retaliation.

73.   Plaintiff's attempt to exercise her rights under Labor Code § 230 were motivating reasons for her termination.

74.   Defendant' retaliatory conduct was a substantial factor in causing plaintiff's harm.

75.   Defendant committed unlawful retaliation in violation of Labor Code § 230 by terminating plaintiff for serving on a jury and requesting a modified to her schedule because of said jury service.

76.   As a direct and proximate result of the unlawful conduct of Defendant, plaintiff has suffered general damages, including but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at time of trial.

77.   The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendant who were acting at all times relevant to this complaint within the scope and course of their employment. Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

78.   Defendant committed these acts maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights. Defendant committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employee's lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant. Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

GUBLER & ABBOTT
ATTORNEYS AT LAW

12

79.     As a result of the conduct of Defendant, plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, plaintiff seeks reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)
### (Against Defendant WINCO and DOES 1-50)

80.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

81.     At all times relevant to this Complaint, FEHA was in full force and effect and binding upon Defendant.  FEHA prohibits employers from discharging or otherwise harassing or discriminating against an employee on the basis of disability and compensation, terms, conditions or privileges of employment (California Government Code §12940(a)).

82.     It is "public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of…physical disability, mental disability, medical condition,…gender, gender identity, gender expression,…[or] sexual orientation." (California Government Code § 12920).

83.     Defendant violated California public policy by terminating, actively and/or constructively, plaintiff's employment because of her gender, gender identity, gender expression, disabilities, and her service on a jury.  The termination was in violation of fundamental, substantial public policies of this state, including but not limited to the FEHA, CFRA, and the federal ADA and its amendments, Title VII, FMLA, and sections 230 and 6310 of the California Labor Code.

84.     As a direct and proximate result of Defendant' wrongful conduct, plaintiff has suffered actual, consequential, and incidental damages, including without limitation, loss of regular employment and loss of career advancement opportunities in an amount subject to proof at trial.

85.     As a direct, foreseeable, and proximate result of Defendant' wrongful conduct, plaintiff was suffered, and continues to suffer, substantial earnings and job benefits, in addition to humiliation,

13

**FIRST AMENDED COMPLAINT FOR DAMAGES**

GUBLER & ABBOTT
ATTORNEYS AT LAW

embarrassment, and mental and emotional distress in an amount exceeding jurisdictional limits, the precise amount of which is subject to proof at trial.

86.     Defendant's acts were committed maliciously, fraudulently, and oppressively, with the wrongful intention of harming plaintiff.  Therefore, plaintiff is entitled to punitive damages in an amount subject to proof at trial.

87.     Defendant's wrongful conduct has also necessitated the retention of legal counsel to pursue plaintiff's claims, the cost of which should be borne by defendant.

## EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against Defendant WINCO and DOES 1-50)

88.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

89.     During the time plaintiff was employed by defendant, and each of them, she was exposed to degrading and abusive behavior which caused her emotional distress.

90.     At all times relevant to the Complaint, defendant, and each of them, had a pre-existing employment relationship with plaintiff.

91.     Plaintiff is informed and believes and thereupon alleges that if such conduct was not intentionally done, then it was negligently done.

92.     Due to defendant's conduct, plaintiff suffered serious emotional distress.

93.     Defendant's negligence was a substantial factor in causing plaintiff serious emotional distress.

94.     As a result of defendant's conduct, plaintiff has suffered damages in an amount to be determined by proof.

## NINTH CAUSE OF ACTION
### (Unpaid Meal Periods)
### (Against Defendant WINCO and DOES 1-50)

95.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

14

GUBLER & ABBOTT
ATTORNEYS AT LAW

96.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's employment by Defendant.

97.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

98.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

99.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

100.    During the relevant time period, Plaintiff who was scheduled to work for a period of time no longer than six (6) hours, and who did not waive her legally-mandated meal periods by mutual consent, was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

101.    During the relevant time period, Plaintiff who was scheduled to work for a period of time in excess of six (6) hours was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

GUBLER & ABBOTT
ATTORNEYS AT LAW

15

1   102.   During the relevant time period, Defendant intentionally and willfully required Plaintiff

2   to work during meal periods and failed to compensate Plaintiff for work performed during meal

3   periods.

4   103.   During the relevant time period, Defendant failed to pay Plaintiff the full meal period

5   premium due pursuant to California Labor Code section 226.7.

6   104.   Defendant's conduct violates applicable IWC Wage Order and California Labor Code

7   sections 226.7 and 512(a).

8   105.   Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b),

9   Plaintiff is entitled to recover from Defendant one additional hour of pay at the employee's regular rate

10   of compensation for each workday that the meal or rest period is not provided.

11   **TENTH CAUSE OF ACTION**
    **(Unpaid Rest Periods)**
12   **(Against Defendant WINCO and DOES 1-50)**

13   106.   Plaintiff refers to and incorporates by reference all facts alleged in the preceding

14   paragraphs as though they were fully stated here.

15   107.   At all times herein set forth, the applicable IWC Wage Order and California Labor Code

16   section 226.7 were applicable to Plaintiff's employment by Defendant.

17   108.   At all relevant times, California Labor Code section 226.7 provides that no employer

18   shall require an employee to work during any rest period mandated by an appliable order of the

19   California IWC.

20   109.   At all relevant times, the applicable IWC Wage Order provides that "[e]very employer

21   shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the

22   middle of each work period" and the that "rest period time shall be based on the total hours worked

23   daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereon" unless the

24   total daily work time is less than three and one-half (3½) hours.

25

26

16

**FIRST AMENDED COMPLAINT FOR DAMAGES**

GUBLER & ABBOTT
ATTORNEYS AT LAW

110.    During the relevant time period, Defendant required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

111.    During the relevant time period, Defendant willfully required Plaintiff to work during rest periods and failed to pay Plaintiff the full rest period premium for work performed during rest periods.

112.    During the relevant time period, Defendant failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code section 226.7.

113.    Defendant's conduct violated applicable IWC Wage Orders and California Labor Code section 226.7.

114.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff is entitled to recover from Defendant one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided.

### ELEVENTH CAUSE OF ACTION
**(Unfair Business Practices)**
**(Against Defendant WINCO and DOES 1-50)**

115.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though they were fully stated here.

116.    Defendant's conduct, as alleged herein, has been and continues to be, unfair, unlawful and harmful to Plaintiff, to the general public, and Defendant's competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

117.    Defendant's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 172900, *et seq.*

118.    A violation of California Business & Professions Code section 17200, *et seq.*, may be predicated on the violation of any state or federal law. In this instant case, Defendant's policies and

GUBLER & ABBOTT
ATTORNEYS AT LAW

17

practices of requiring employees, including Plaintiff, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).

119.   As a result of the herein described violations of California Labor Law, Defendant unlawfully gained an unfair advantage over other businesses.

120.   Plaintiff has been personally injured by Defendant's unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

121.   Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff is entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years preceding the filing of this Complaint; an award of attorney's fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment as follows:

1.  For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with post-judgment interest, according to proof;

2.  For compensatory, general, and special damages, including front pay, in an amount according to proof;

3.  For injunctive relief pursuant to Government Code § 12965(b)(3), including, without limitation, a requirement that defendant conduct training for all employees, supervisors, and management on the requirements of the Fair Employment & Housing Act, the rights and remedies of those who allege a violation of the Fair Employment Housing Act and employer's internal grievance procedures;

4.  That the court declare, adjudge and decree, that Defendant violated California Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide all meal periods to Plaintiff;

5.  That the Court made an award to Plaintiff of one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that a meal period was not provided;

GUBLER & ABBOTT
ATTORNEYS AT LAW

18

6. That the court declare, adjudge and decree, that Defendant violated California Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff;

7. That the Court made an award to Plaintiff of one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that a rest period was not provided;

8. For premium wages pursuant to California Labor Code § 226.7(c);

9. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

10. For punitive damages;

11. For statutory attorney's fees and costs, including expert witness fees, pursuant to § 12965 of the California Labor Code;

12. For pre-judgment and post-judgment interest according to any applicable provision of law, according to proof;

13. For costs of suit; and

14. For such other and further relief as the court may deem just and proper.

Dated:  January 17, 2022

GUBLER & ABBOTT

By _____

Brett T. Abbott
Attorneys for Plaintiff

GUBLER & ABBOTT
ATTORNEYS AT LAW

19

FIRST AMENDED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE
### (1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA, COUNTY OF TULARE

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 1110 N. Chinowth Street, Visalia, California 93291.

On January 18, 2022, I served the within **FIRST AMENDED COMPLAINT FOR DAMAGES** on the interested parties in said action, by placing a true copy thereof, enclosed in a sealed envelope and delivering it as follows:

☐ (By overnight Courier) I caused such envelope with postage fully prepaid to be sent by

☒ (By Mail) I placed the envelope for collection and processing for mailing following the ordinary practice of this business with which I am readily familiar.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service fully paid.

☐ (By Hand) I caused each envelope to be delivered by hand.

☐ (By Facsimile) I caused each document to be sent by facsimile to the following numbers(s):

Each envelope was addressed as follows:

Nicole Stauss
CSC – Lawyers Incorporating Service
2710 Gateway Oaks Dr., #150N
Sacramento, CA  95833

☒ (State) I declare under penalty of perjury under the laws of the State of California the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 18, 2022, at Visalia, California.

Alisa Evans

GUBLER & ABBOTT
ATTORNEYS AT LAW

GUBLER & ABBOTT
1110 N. CHINOWTH STREET
VISALIA, CA 93291

$1.960
US POSTAGE
FIRST-CLASS
FROM 93291
JAN 18 2022
stamps
endicia

Nicole Stauss
CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. Ste 150N
Sacramento CA 95833-3502