**EXHIBIT 2**

SEYFARTH SHAW LLP
Kristina M. Launey (SBN 221335)
klauney@seyfarth.com
Tiffany Tran Madison (SBN 294213)
tmadison@seyfarth.com
Bradley D. Doucette (SBN 322611)
bdoucette@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:   (916) 448-0159
Facsimile:   (916) 558-4839

Attorneys for Defendant
WINCO HOLDINGS, INC.

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

FEB 04 2022

STEPHANIE CAMERON, CLERK
BY:_____
Leticia Hernandez-Sandoval

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF TULARE

| | |
|---|---|
| CARL LEE MACRAE aka CARLEE MACRAE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WINCO HOLDINGS, INC.; and DOES 1-50, inclusive,<br><br>　　　　Defendant. | Case No. 289876<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>BY FAX<br><br>Complaint Filed: December 22, 2021<br>FAC Filed: January 18, 2022 |

Defendant WINCO HOLDINGS, INC. ("Defendant" or "WinCo"), by and through its attorneys, Seyfarth Shaw LLP, hereby answers the unverified First Amended Complaint ("FAC") filed on behalf of Plaintiff CARL LEE MACRAE aka CARLEE MACRAE as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Defendant denies generally and specifically each and every allegation contained in Plaintiff's unverified FAC and denies that Plaintiff has been damaged in the sum or manner alleged, or in any other sum or manner at all, by reason of any act or omission on the part of the Defendant.

### SEPARATE ADDITIONAL AND AFFIRMATIVE DEFENSES

In further answer to the FAC, Defendant alleges the following separate and distinct affirmative

1

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

78784862v.2

or additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Further, Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims and therefore reserves the right to amend this answer to add facts and defenses, should Defendant later discover facts demonstrating the existence of additional defenses.

**FIRST SEPARATE DEFENSE**

**(Failure To State Cause Of Action - All Causes of Action)**

1. Plaintiff's FAC, and each and every cause of action purported to be alleged therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendant.

**SECOND SEPARATE DEFENSE**

**(Statute Of Limitations - All Causes of Action)**

2. Plaintiff's FAC, and each and every cause of action purported to be alleged therein, is barred by the applicable statute of limitations including, but not limited to, California Government Code sections 12960 and 12965; and California Code of Civil Procedure sections 335.1, 337, 338, 339, 340(c), and 343, and California Business and Professions Code section 17208.

**THIRD SEPARATE DEFENSE**

**(Failure To Exhaust Administrative Remedies - First Through Sixth Causes of Action)**

3. Plaintiff's claims are barred to the extent that she has failed to exhaust administrative remedies pursuant to California Government Code sections 12960, 12965, the Labor Management Relations Act, 29 U.S.C. section 160(b) and 185, and all other applicable laws.

**FOURTH SEPARATE DEFENSE**

**(Good Faith - All Causes of Action)**

4. Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

///

///

**FIFTH SEPARATE DEFENSE**

**(LMRA/NLRA Preemption - Ninth through Eleventh Causes of Action)**

5.     Plaintiff's Ninth through Eleventh causes of action are preempted by section 301 of the Labor Management Relations Act (29 U.S.C. section 185(a)) to the extent their resolution depends on interpretation of provisions of the collective bargaining agreement between Defendant and Plaintiff's employee association and preempted by sections 7 and 9 of the National Labor Relations Act, 29 U.S.C. §§ 151 *et seq.*.

**SIXTH SEPARATE DEFENSE**

**(Failure To Exhaust Internal Remedies - First Through Seventh Causes of Action)**

6.     Plaintiff's First through Seventh Causes of Action, in whole or in part, are barred because Defendant maintains policies prohibiting discrimination, harassment, and retaliation, and provide an internal procedure for complaint, investigation and remedial action, and Plaintiff had knowledge of the policies and failed to make an internal complaint and exhaust her internal remedies provided by Defendant.

**SEVENTH SEPARATE DEFENSE**

**(Failure To Take Advantage Of Preventative/Corrective Opportunities - First Through Seventh Causes of Action)**

7.     If any of Defendant's employees or agents engaged in unlawful conduct, Defendant is not liable, or Plaintiff's damages must be reduced accordingly, because Defendant exercised reasonable care to prevent and correct promptly any such conduct, and Plaintiff unreasonably failed to avail herself of preventative and corrective opportunities provided by Defendant.

**EIGHTH SEPARATE DEFENSE**

**(After-Acquired Evidence - First Through Eighth Causes of Action)**

8.     Plaintiff's claims for damages are barred to the extent she engaged in any fraud or misconduct of which Defendant was unaware until after Plaintiff filed suit, and which, if known would have caused Plaintiff to be terminated or not hired in the first place.

**NINTH SEPARATE DEFENSE**

**(Failure To State Claim For Punitive Damages - First Through Seventh Causes of Action)**

9. Plaintiff's FAC fails to state facts sufficient to constitute a claim for punitive damages against Defendant pursuant to California Civil Code section 3294.

### TENTH SEPARATE DEFENSE

**(Lack Of Malice - First Through Seventh Causes of Action)**

10. Assuming, arguendo, any conduct alleged by Plaintiff occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or callous motive by Defendant. Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent those decisions were contrary to policies instituted against wrongful conduct including policies and good faith enforcement of rules prohibiting harassment, retaliation and discrimination.

### ELEVENTH SEPARATE DEFENSE

**(*Kolstad* Defense - First Through Seventh Causes of Action)**

11. Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant has instituted against wrongful conduct.

### TWELFTH SEPARATE DEFENSE

**(Failure To Comply With Terms Of Employment - All Causes of Action)**

12. Plaintiff's claims, in whole or in part, are barred by Plaintiff's failure to comply with Defendant's express or implied policies or procedures governing Plaintiff's employment.

### THIRTEENTH SEPARATE DEFENSE

**(Exercise Of Reasonable Care - First Through Eighth Causes of Action)**

13. Plaintiff's first through eighth causes of action are barred in whole or in part because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

### FOURTEENTH SEPARATE DEFENSE

**(Scope Of Employment - All Causes of Action)**

14. Defendant is not liable for the alleged conduct of their employees to the extent that such conduct was outside the course and scope of their employment.

### FIFTEENTH SEPARATE DEFENSE

**(Legitimate And Nondiscriminatory or Non-Retaliatory Business Reason For Conduct - First Through Eighth Causes of Action)**

15. Plaintiff's FAC, and the first through eighth causes of action contained in it, is barred in whole or in part because the alleged conduct about which Plaintiff complains was not based on any actual or perceived disability, gender, gender identity, gender expression, or any other protected characteristic, and was not in retaliation for Plaintiff's exercise of any statutory, constitutional, or common law rights, but was based on one or more legitimate, nondiscriminatory and/or non-retaliatory business reasons.

### SIXTEENTH SEPARATE DEFENSE

**(Business Necessity - Second, Third, Fourth and Fifth Causes of Action)**

16. Plaintiff's Second, Third, Fourth and Fifth Causes of Action are barred because Defendant acted in accordance with a qualification standard and/or selection criterion that is job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation.

### SEVENTEENTH SEPARATE DEFENSE

**(Same Decision - First Through Eighth Causes of Action)**

17. Plaintiff's remedies are limited and/or liability is precluded because Defendant would have taken the same action in the absence of the alleged impermissible motivating factor(s).

### EIGHTEENTH SEPARATE DEFENSE

**(Failure To Comply With Employer Directions - All Causes of Action)**

18. Plaintiff's FAC, and each purported cause of action contained in it, is barred in whole or in part because Plaintiff failed to substantially comply with all the direction of Defendant and its agents, representatives, employees, and/or supervisors concerning the services upon which they were engaged, and such disobedience was neither impossible, nor unlawful, and did not impose new and/or unreasonable burdens upon Plaintiff.

///

///

## NINETEENTH SEPARATE DEFENSE

**(Could Not Perform Essential Duties - Second, Third, Fourth, Fifth, and Seventh Causes of Action)**

19.     Plaintiff's Second, Third, Fourth, Fifth, and Seventh Causes of Action, in whole or in part, are barred to the extent that Plaintiff could not perform the essential duties of her position with or without a reasonable accommodation.

## TWENTIETH SEPARATE DEFENSE

**(Reasonable Accommodation - Second, Third, Fourth, Fifth, and Seventh Causes of Action)**

20.     Plaintiff's Second, Third, Fourth, Fifth, and Seventh Causes of Action are barred, in whole or in part, because Defendant was not legally required to provide reasonable accommodation to Plaintiff and, to the extent that it was so legally required, Defendant fulfilled its obligations. Neither compensatory nor punitive damages may be awarded against Defendant due to its good faith effort to make reasonable accommodations for Plaintiff.

## TWENTY-FIRST SEPARATE DEFENSE

**(Failure To Request Reasonable Accommodation - Second, Third, Fourth, Fifth, and Seventh Causes of Action)**

21.     Plaintiff's Second, Third, Fourth, Fifth, and Seventh Causes of Action are barred, in whole or part, to the extent Plaintiff failed to request a reasonable accommodation that would have enabled her to perform the essential duties of her job.

## TWENTY-SECOND SEPARATE DEFENSE

**(No Reasonable Accommodation Existed - Second, Third, Fourth, Fifth, and Seventh Causes of Action)**

22.     Plaintiff's Second, Third, Fourth, Fifth, and Seventh Causes of Action are barred, in whole or part, to the extent that no reasonable accommodation existed that would have enabled Plaintiff to perform the essential duties of her job, and that would not have imposed an undue hardship on Defendant.

///

///

## TWENTY-THIRD SEPARATE DEFENSE

**(Interactive Process - Lack Of Good Faith - Second, Third, Fourth, Fifth, and Seventh Causes of Action)**

23.     Plaintiff's Second, Third, Fourth, Fifth, and Seventh Causes of Action are barred, in whole or part, to the extent that Plaintiff failed to make a good faith effort or failed to cooperate and/or participate in in the interactive process.

## TWENTY-FOURTH SEPARATE DEFENSE

**(Failure To Mitigate Damages - All Causes of Action)**

24.     Plaintiff is not entitled to back pay and/or other damages for any cause of action purported to be alleged in his FAC to the extent that she failed to mitigate her alleged loss of wages or other damages.

## TWENTY-FIFTH SEPARATE DEFENSE

**(Setoff - All Causes of Action)**

25.     To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

## TWENTY-SIXTH SEPARATE DEFENSE

**(Estoppel - All Causes of Action)**

26.     Plaintiff's claims are barred in whole or in part by judicial, equitable and/or collateral estoppel.

## TWENTY-SEVENTH SEPARATE DEFENSE

**(Waiver - All Causes of Action)**

27.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## TWENTY-EIGHTH SEPARATE DEFENSE

**(Unclean Hands - All Causes of Action)**

28.     Plaintiff's claims are barred by the doctrine of unclean hands.

///

///

78784862v.2

### TWENTY-NINTH SEPARATE DEFENSE

**(Ratification - All Causes of Action)**

29.     Plaintiff's FAC, and each and every cause of action purported to be alleged in it, is barred in whole or in part because any conduct by Defendant was ratified, consented to and/or acquiesced in by Plaintiff.

### THIRTIETH SEPARATE DEFENSE

**(Avoidable Consequences - All Causes of Action)**

30.     If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage, or loss must be reduced to the extent that she failed to exercise reasonable care to avoid or limit the alleged harm.

### THIRTY-FIRST SEPARATE DEFENSE

**(Workers' Compensation Pre-Emption - First through Eighth Causes of Action)**

31.     Plaintiff's claims arise from an employment relationship, such that any emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by California Labor Code sections 3600 *et. seq.*, and cannot be compensated for in the present action.

### THIRTY-SECOND SEPARATE DEFENSE

**(*De Minimis* Doctrine - Ninth Through Eleventh Causes of Action)**

32.     Plaintiff's Ninth through Eleventh Causes of Action fail to the extent that, even if Plaintiff suffered such damages (which Defendant disputes), such damages are *de minimis* and therefore not compensable by law.

### THIRTY-THIRD SEPARATE DEFENSE

**(Accord and Satisfaction - Ninth Through Eleventh Causes of Action)**

33.     Plaintiff's Ninth through Eleventh Causes of Action are barred by the doctrine of accord and satisfaction, specifically to the extent that Plaintiff was properly and fully compensated for all work performed.

### THIRTY-FOURTH SEPARATE DEFENSE

**(Waiver of Meal Periods - Ninth and Eleventh Cause of Action)**

34.     Plaintiff's Ninth and Eleventh Cause of Action are barred to the extent that Plaintiff has

signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

## THIRTY-FIFTH SEPARATE DEFENSE

**(Payment of "Premium Wages" - Ninth Through Eleventh Causes of Action)**

35. Plaintiff's Ninth through Eleventh Cause of Action are barred to the extent that Plaintiff was paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest break. The payment of such "premium wages" negates any additional liability for alleged meal and rest period violation.

## THIRTY-SIXTH SEPARATE DEFENSE

**(Failure to Take Meal Periods or Rest Breaks - Ninth Through Eleventh Causes of Action)**

36. Plaintiff's Ninth through Eleventh Cause of Action are barred to the extent that Plaintiff was, at all relevant times, provided with all required meal periods and authorized and permitted to take all required rest breaks, and chose not to take the meal periods and rest breaks which were provided or authorized and permitted.

## THIRTY-SEVENTH SEPARATE DEFENSE

**(No Attorney's Fees - Eighth Through Eleventh Causes of Action)**

36. Plaintiff is precluded from recovering attorneys' fees from Defendant under applicable provisions of law.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing for the complaint;
2. That judgment be entered in favor of Defendant on all causes of action;
3. That Defendant be awarded reasonable attorneys' fees;
4. That Defendant be awarded its costs of suit incurred herein; and

5. That Defendant be awarded other and further relief as the Court may deem appropriate.

DATED: February 4, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
    Kristina Launey
    Tiffany Tran Madison
    Bradley D. Doucette

Attorneys for Defendant
WINCO HOLDINGS, INC.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2350, Sacramento, California 95814. On February 4, 2022, I caused to be served the within document(s):

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

[X] by having the document(s) listed above placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento, California, addressed as set forth below.

[ ] By transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below

[ ] by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

| | |
|---|---|
| Brett T. Abbott | Attorneys for Plaintiff CARL LEE MACRAE |
| GUBLER & ABBOTT | aka CARLEE MACRAE |
| 1110 N. Chinowth Street | |
| Visalia, CA  93291 | Tel: 559/625-9600 |
| | Fax: 559/625-9605 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 4, 2022, at Sacramento, California.

*Shelley D. Gordon*
_____
Shelley D. Gordon

11

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

78784862v.2