**EXHIBIT 3**

20 Trials Digest 22d 9, 2019 WL 2109266 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

# Hadsell v. City of Baldwin Park

**TOPIC:**
Synopsis: Former police chief experiences gender discrimination and harassment before her termination

Case Type: Labor & Employment; Harassment - General; Labor & Employment; Gender; Labor & Employment; Retaliation; Labor & Employment; Termination/Constructive Discharge

DOCKET NUMBER: BC548602
STATE: California
COUNTY: Los Angeles

**Related Court Documents:**
Plaintiff's complaint: 2014 WL 12881248

Plaintiff's fourth amended complaint: 2015 WL 12851819

Defendant's motion for summary judgment: 2015 WL 12851820

Plaintiff's opposition to defendant City of Baldwin Park's motion for summary judgment: 2016 WL 7386238

Order on defendant's motion for summary judgment: 2016 WL 7326226

Judgment: 2019 WL 1877682

Verdict/Judgment Date: April 03, 2019

JUDGE: Michael L. Stern
**ATTORNEYS:**
Plaintiff: Gary A. Dordick, Dordick Law Corporation, Beverly Hills, CA; Carney R. Shegerian, Shegerian & Associates, Inc., Santa Monica, CA
Defendant: Dana J. McCune, McCune & Harber LLP, Los Angeles, CA; Joshua A. Kuns, McCune & Harber LLP, Los Angeles, CA; Robert Tafoya, Tafoya & Garcia LLP, Los Angeles, CA

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $7,020,000

Range Amount: $5,000,000 - 999,999,999
$1,020,000 to plaintiff from defendant City of Baldwin Park for past economic loss

$5,000,000 to plaintiff from defendant City of Baldwin Park for past noneconomic loss

$1,000,000 to plaintiff from defendant City of Baldwin Park for future noneconomic loss

Trial Type: Jury

Trial Length: 9 days

Deliberations: 2 hours

Jury Poll: 12-0

**EXPERTS:**
Plaintiff: Tamorah Hunt, Ph.D., Economist, Formuzis Hunt & Lanning Inc., Santa Ana, CA; Warren Procci, Ph.D., Psychiatrist, Los Angeles, CA
Defendant: David Weiner, M.B.A., Economist, VWM Analytics, Los Angeles, CA; Beau LeBlanc, Accident Reconstruction, Collision and Injury Dynamics, El Segundo, CA

**FACTS/CONTENTIONS:**
    According to plaintiff's attorney: Plaintiff Lili Hadsell reportedly began working as a police lieutenant for defendant City of Baldwin Park, Dec. 17, 1999. Defendant allegedly had a 93 percent male police force.
    Plaintiff allegedly received a promotion to a position as a lieutenant over Sergeant Michael Taylor. After plaintiff's promotion, Taylor reportedly acted in a condescending and demeaning fashion, calling plaintiff and other women working for defendant names like 'dear,' 'sweetheart,' toots,' and 'honey.' Plaintiff said she complained to the mayor and her supervisor about Taylor's bullying, harassment and attempts to undermine her work on the police force.
    Plaintiff allegedly was appointed defendant's Chief of Police during 2008, over the objections of defendant city council member Ricardo Pacheco. Plaintiff alleged that defendant Pacheco and Taylor colluded to undermine her performance as the chief of police. Taylor and defendant Pacheco reportedly made numerous comments to plaintiff's subordinates that 'a woman cannot do this [chief of police] job' and plaintiff 'took Mike Taylor's job.' Defendant Pacheco reportedly attempted to have plaintiff fired during 2009 but was not successful because he did not have the support of a majority of the city council members.
    During 2013, a city council member reportedly retired and one of defendant Pacheco's political surrogates ran and was elected to the position. The election of his political proxy allegedly gave defendant Pacheco control over a majority on the city council. Defendant's city council reportedly terminated plaintiff, Dec. 10, 2013. The city council reportedly voted to install Taylor as the chief of police after plaintiff's firing.
    Plaintiff's original complaint asserted claims against defendant City of Baldwin Park and defendant city council members Ricardo Pacheco, Susan Rubio, Cruz Baca, Manuel Lozano and Monica Garcia. By her fourth amended complaint, plaintiff asserted claims against defendant City of Baldwin Park based on (1) gender discrimination under the Fair Employment and Housing Act (FEHA), Cal. Gov't Code Sec. 12900 et seq., (2) gender harassment under FEHA, Cal. Gov't Code Sec. 12940, and (3) retaliation for complaining about gender discrimination and harassment under FEHA, Cal. Gov't Code Sec. 12940.
    Defendant City of Baldwin Park denied subjecting plaintiff to unlawful discrimination, harassment or retaliation. According to defendant, plaintiff was an at-will employee, and her employment contract ended after a 3-2 vote by the City Council. Defendant argued that its city council members, including two female members, voted to end plaintiff's employment for plaintiff's lack of leadership, unresponsiveness to community issues, a no-confidence vote in her leadership by the Baldwin Park Police Association and low police department morale.

**CLAIMED INJURIES:**
    According to court records: Emotional distress, humiliation.

**CLAIMED DAMAGES:**

  Not reported.


**SETTLEMENT DISCUSSIONS:**

According to plaintiff's attorney: Demand: $1,250,00 (Cal. Civ. Proc. Code Sec. 998). Offer: $500,000 (Cal. Civ. Proc. Code Sec. 998).


**COMMENTS:**

According to court records: The complaint was filed June 13, 2014.


Trials Digest, a Thomson Reuters/West business
JVR 1905030048

---

End of Document      © 2022 Thomson Reuters. No claim to original U.S. Government Works.

JVR No. 1911070062, 2019 WL 5849141 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

# MATEEN-BRADFORD v. CITY OF COMPTON

TC026769

DATE OF FILING: August 06, 2012
DATE OF TRIAL/SETTLEMENT: June 11, 2019

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $655,000**

**Related Court Documents:**
Plaintiff's trial brief: 2019 WL 5456876

Defendant's trial brief: 2019 WL 5456880

Verdict form: 2019 WL 5456977

Judgment: 2019 WL 5535552

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Alyssa K. Schabloski, Gladius Law APC, Santa Monica, CA
Siannah Collado Boutte, The Simon Law Group LLP, Hermosa Beach, CA
Defendant:
Norman A. Dupont, Ring Bender LLP, Costa Mesa, CA
Patrick K. Bobko, Ring Bender LLP, Costa Mesa, CA
Jay A. Tufano, Ring Bender LLP, Costa Mesa, CA
Craig J. Cornwell, Office of the City Attorney, Compton, CA
Anita O. Aviles, Office of the City Attorney, Compton, CA

JUDGE: Maurice A. Leiter

RANGE AMOUNT: $500,000 - 999,999
STATE: California
COUNTY: Los Angeles

**SUMMARY**
**PLAINTIFF:**
Sex: F

Age: Adult

**DEFENDANT:**
Sex: O

Organization Type: City of Compton

**DAMAGES:**
Compensatory Pain & Suffering: $655,000

Total Compensatory Award: $655,000

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: false

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Harassment: false

Hostile Work Env: false

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true

**Entity Type: Government Entity**
**STATUTES**
**Primary Specific Statute**
Primary Name: General

**Primary General Statute**
**Primary Name: Retaliation**
Primary General Statute Discrimination: false

Specific Statute: State

**General Statute: Sex Discrimination**
General Statute Discrimination: true

Comparative Negligence Percentage: 0

**FACTS:**
Kareemah Mateen-Bradford sued the City of Compton for retaliation and gender discrimination in violation of the Fair Employment and Housing Act. The female plaintiff was reportedly employed by the defendant as Director of Human Resources when she made a written complaint of gender harassment against a City Councilperson. The plaintiff said she was placed on administrative leave within hours of making the written complaint and was terminated shortly thereafter. The plaintiff contended the defendant terminated her employment in retaliation for making a complaint of gender discrimination; she further contended her female gender was a substantial motivating reason for her termination. The defendant denied liability and contended Mateen-Bradford was terminated for poor performance and for violating City rules. This case was a retrial following reversal and remand by the Court of Appeal; the first trial ended in a defense verdict.

Jury Verdict Research
COURT: Superior

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.        3

JVR No. 1907210018, 2019 WL 3288426 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

Superior Court, Alameda County, California.

EIDSON v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

RG-17-856649

DATE OF FILING: April 14, 2017
DATE OF TRIAL/SETTLEMENT: May 23, 2019

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $325,000**

**Related Court Documents:**
Plaintiff's complaint: 2017 WL 11249708

Defendant's motion for summary judgment: 2018 WL 8681467

Order on defendant's motion for summary judgment: 2019 WL 2814318

Plaintiff's trial brief: 2019 WL 2807452

Defendant's trial brief: 2019 WL 2807456

Verdict: 2019 WL 2775755

Judgment: 2019 WL 2814322

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Darci Elaine Burrell, Levy Vinick Burrell Hyams L.L.P., Oakland, CA
Sharon R. Vinick, Levy Vinick Burrell Hyams L.L.P., Oakland, CA
Katherine L. Smith, Levy Vinick Burrell Hyams LLP, Oakland, CA
Defendant:
Robert D. Eassa, Duane Morris LLP, San Francisco, CA
Jennifer Briggs Fisher, Duane Morris LLP, San Francisco, CA

JUDGE: Evelio Grillo

RANGE AMOUNT: $200,000 - 499,999
STATE: California
COUNTY: Alameda

**SUMMARY**
**PLAINTIFF:**

Sex: F

Age: Adult, 62

General Occupation: Electrician

**DEFENDANT:**
Sex: O

Organization Type: The Regents of the University of California

**DAMAGES:**
Compensatory Pain & Suffering: $100,000

Compensatory Past Wages: $25,000

Compensatory Future Wages: $100,000

Compensatory Other: $100,000

Total Compensatory Award: $325,000

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: false

Failure Grant Leave: false

Failure Hire: false

Failure Promote: true

Suspension: false

Sexual Harassment: false

Harassment: false

Hostile Work Env: false

EIDSON v. THE REGENTS OF THE UNIVERSITY OF..., JVR No. 1907210018...

Case 1:22-cv-00164-JLT-EPG   Document 1-3   Filed 02/04/22   Page 10 of 15

Isolation: true

Lay Off: false

Loss Benefits: false

Loss Pay: true

Loss Seniority: false

Negative Eval: true

Negative Reference: false

Pay Increase Denial: false

Reassignment: true

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: false

**Entity Type: Government Entity**
STATUTES
**Primary Specific Statute**
Primary Name: State

**Primary General Statute**
**Primary Name: Sex Discrimination**
Primary General Statute Discrimination: true

Specific Statute: General

**General Statute: Retaliation**
General Statute Discrimination: false

Specific Statute: State

**General Statute: Disability Discrimination**
General Statute Discrimination: true

Comparative Negligence Percentage: 0

**FACTS:**

Katherine Eidson brought claims against defendant The Regents of the University of California for gender discrimination under Cal. Gov't Code Sec. 12940(a), retaliation for complaining about discrimination under Cal. Gov't Code Sec. 12940(h), failure to prevent harassment and discrimination under Cal. Gov't Code Sec. 12940(k), disability discrimination under Cal. Gov't Code Sec. 12940(a) and violations of the Equal Pay Act, Cal. Lab. Code Sec. 1197.5. Eidson reportedly began working as an electrician for defendant's Lawrence Berkeley National Laboratory, Oct. 28, 2001, and suffered a traumatic brain injury in 2006 in a fall from a ladder. When Eidson returned to work after medical leave, she reportedly was restricted from working on ladders or from uncontrolled heights. During May 2010, Eidson allegedly took over the responsibilities of the lead electrician for the fire alarm group but did not receive a supervisor's job classification or pay. During September and October 2011, Eidson reportedly complained to human resources that she was performing the same work as other technical supervisors, but without the same job classification or pay. Beginning in December 2011, Eidson's supervisor told her that he was 'working on' having her reclassified. At her performance review during July 2012, Eidson's supervisor reportedly said to her that there was a perception that she could not be a supervisor. During October 2012, Eidson's supervisor allegedly began taking away her supervisory duties over the fire alarm crew and excluding her from meetings and discussions about the team. During October 2013, Eidson's supervisor reportedly hired a male supervisor to perform the job Eidson had been doing for almost three years. Eidson said she spoke to the interim division director about the discrimination she had experienced since 2011 and the director instructed her to file a formal complaint. Eidson allegedly filed a complaint alleging gender harassment, discrimination and unequal pay, Jan. 3, 2014. After completing the investigation of Eidson's complaint during April 2014, defendant reportedly transferred Eidson against her will to a position as a document specialist for commissioning. The defendant denied liability. According to the defendant, Eidson failed to apply for any of the open technical supervisor positions that became available. The defendant claimed that after it completed the investigation of Eidson's complaint, it offered to transfer her to a different job with the same classification and pay, but Eidson rejected it. According to the defendant, Eidson's position as a document specialist position was a promotion with a higher salary range than her previous job. The jury returned a verdict for the plaintiff on her claims for retaliation, disability discrimination and failure to prevent harassment, discrimination and retaliation. The jury awarded the plaintiff a total of $325,000 in damages.

Jury Verdict Research
COURT: Superior

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

JVR No. 1606300035, 2016 WL 3552983 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

# TORRES v. B.E. AEROSPACE INC.

BC513171

DATE OF FILING: June 25, 2013
DATE OF TRIAL/SETTLEMENT: June 02, 2016

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $8,516,000**
HIGH AMOUNT: $0

LOW AMOUNT: $0


**Related Court Documents:**
Plaintiff's first amended complaint: 2014 WL 11443963

Defendants' motion for summary judgment: 2016 WL 3221616

Plaintiff's opposition: 2016 WL 3221587

Plaintiff's trial brief: 2016 WL 3221617

Defendants' trial brief: 2016 WL 3221609

Verdict form: 2016 WL 3221888

Verdict form (punitive damages): 2016 WL 3221902


**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Maryann P. Gallagher, Law Offices of Maryann P. Gallagher, Los Angeles, CA
Defendant: Edward P. Zappia, The Zappia Law Firm, Los Angeles, CA
Defendant: Herbert-John Hayden, The Zappia Law Firm, Los Angeles, CA

JUDGE: Mel Red Recana

RANGE AMOUNT: $5,000,000 - 999,999,999
STATE: California
COUNTY: Los Angeles

**SUMMARY**
**PLAINTIFF:**

Sex: F

Age: Adult, 55

General Occupation: Engineer

**DEFENDANT:**
Sex: O

Organization Type: B.E. Aerospace Inc.

**DAMAGES:**
Compensatory Pain & Suffering: $1,441,000

Compensatory Past Wages: $75,000

Total Compensatory Award: $1,516,000

Punitive Damages: $7,000,000

Hedonic Damages: $0

Property Damages: $0

Interest: $0

Other Damages: $0

Loss of Services: $0

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: false

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Harassment: false

Hostile Work Env: false

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: true

Termination: true


**Entity Type: Manufacturing/Industrial Company**
**STATUTES**
**Primary Specific Statute**
Primary Name: State


**Primary General Statute**
**Primary Name: Age Discrimination**
Primary General Statute Discrimination: true


Specific Statute: State


**General Statute: Sex Discrimination**
General Statute Discrimination: true

Specific Statute: General

**General Statute: Wrongful Termination**
General Statute Discrimination: false

Claimed Past Wages: $85,100

Comparative Negligence Percentage: 0

**FACTS:**
Blanca Torres, a 55-year-old Engineer, sued B.E. Aerospace Inc. for age and gender discrimination, in violation of the Fair Employment and Housing Act, Cal. Gov't. Code Secs. 12940 et seq., and wrongful termination, in violation of public policy. The plaintiff, who worked for B.E. Aerospace and its predecessor for 24 years as a Quality Assurance Engineer/Supervisor, claimed after her previous supervisor resigned, he was replaced by a new supervisor who had only been with the company for two years. She contended the new supervisor was on a mission to replace her with a 25-year-old male employee, that he began to sabotage her work, refused to allow her to continue her contact with customers, and undermined her ability to continue successfully in her position. According to Torres, the supervisor took away her authority, which made her job more difficult, that he constantly humiliated and demeaned her in front of her staff, and required her to train the younger male employee with whom he intended to replace her with. Torres asserted she was eventually terminated on the false claim that her position had been eliminated, when in fact, her position could not be eliminated because it was crucial to the proper functioning of the department. Moreover, the plaintiff argued that the 25-year-old male that she was required to train replaced her, and that the defendant acted with malice, fraud or oppression in engaging in the unlawful conduct. The defendant denied liability and contended that after it acquired the small business for which Torres had worked for many years, she was unwilling to acclimate to the corporate standards and industry-wide technical standards with which B.E. Aerospace was required to comply with. The defendant alleged that Torres was terminated because she was hostile, created a negative work environment, refused to perform her work duties, and was openly resistant and disrespectful of her new supervisor. Furthermore, the defendant claimed the plaintiff never complained of any discrimination, that this lawsuit was contrived and arises solely out of her desire to retaliate after being fired. The jury found in favor of the plaintiff and awarded her $1,516,000 in compensatory damages, and $7 million in punitive damages.

Jury Verdict Research
COURT: Superior

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.